NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

In re:                              )
                                    )
RYAN KENDALL MURRAY,                )    Case No. 18-23938-C-7
                                    )
                    Debtor.         )
_____     )
                                    )
EDWARD MASSENGALE,                  )
                    Plaintiff,      )    Adv. Pro. No. 18-2154-C
v.                                  )
                                    )
RYAN KENDALL MURRAY,                )
                                    )
                    Defendant.      )
_____     )

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

This adversary proceeding seeks, first, to except from discharge under 11 U.S.C. § 523(a)(2) a $34,060.43 judgment debt based on an award by the Labor Commissioner, State of California, and, second, to deny discharge under 11 U.S.C. § 727(a)(4).

The Plaintiff and the Defendant are each self-represented and were the only witnesses at the trial held before the undersigned Bankruptcy Judge.


<u>Jurisdiction</u>

Jurisdiction is founded on 28 U.S.C. § 1334(b). Disputes regarding dischargeability of particular debts and objections to discharge are core proceedings. 28 U.S.C. §§ 157(b)(2)(I) & (J). To the extent the dispute, or any portion thereof, ever are deemed not to be core proceedings the parties are nevertheless agreed that it may be heard and determined by a Bankruptcy Judge.

## Findings of Fact

The Plaintiff, Edward Massengale, obtained a $34,060.43 money judgment against the Defendant, Ryan Kendall Murray dba All Star Plumbing, from the Superior Court of the State of California, County of Sacramento, based on an award made April 24, 2012, by the Labor Commissioner, State of California, in State Case No. 08-66568-1-WH.

The Labor Commissioner determined that Plaintiff was employed by Defendant, an individual operating a plumbing business, to perform services as a lead technician/technician supervisor from January 14, 2011, to June 17, 2011, in Sacramento County, California, under the terms of an oral agreement at the promised rate of 30 percent (30%) of job cost to customer, less the cost of materials.

Total compensation earned during the claim period was $34,773.12, but Defendant paid Plaintiff only $16,475.21, leaving a balance due of $18,297.91. The Labor Commissioner awarded that sum as wages due, plus $1,549.05 in statutory interest.

In addition, the Labor Commissioner awarded, pursuant to California Labor Code § 203, a statutory penalty of $8,916.30 for willful failure to pay final wages. The award decision made clear that this penalty does not require malice or blamable conduct; rather, all that is required is intentional failure to pay.

The basic award of the Labor Commissioner totaled $28,763.26, to which $4,862.17 was added by the time of the Superior Court judgment as post-hearing interest pursuant to Labor Code §§ 98.1(c), 1194.2 and 2802(b), plus $435.00 for

filing fees pursuant to Labor Code § 101.  Hence, the total
judgment was $34,060.43.

     The testimony of Plaintiff and Defendant is consistent as to
the basic facts, albeit from their respective perspectives.

     From the perspective of the Plaintiff, the Defendant made
inconsistent and incomplete payments in what was supposed to be a
twice monthly payroll.  The excuse given by the Plaintiff
routinely during the employment lasting from January 14, 2011, to
June 17, 2011, was that he had to wait for checks from customers
to clear the bank settlement process.  Somehow, the funds never
materialized.  Finally, the Plaintiff quit in frustration.

     At some time after the Plaintiff quit, he was re-employed by
the Defendant on the Defendant's promise to make full and timely
payments, but the same pattern repeated itself.

     The Plaintiff resigned for a second time and pursued a
complaint with the Labor Commissioner.  That complaint addressed
only the first period of employment from January 14, 2011, to
June 17, 2011.  The Labor Commissioner's award addressed only
that first period of employment and is the award that is the
subject of this adversary proceeding.

     From the Defendant's perspective, he is a plumber who lacked
the management skills to operate a plumbing company.  He did not
understand basic finance and accounting and financial controls.
The construction environment in 2011 was particularly challenging
because of the Great Recession.  He found himself and his company
overextended and never was able to catch up.

     The Defendant points out that his plumbing business
collapsed into insolvency with wage debts, tax debts, and

contractor's bond litigation.  He adds that he lost his
contractor's license, that he lost his residence and his
warehouse, and that he is now only able to work as a plumber
employed by others.

    The Defendant testified to the effect that the situation was
a simple business failure and that he did not intend to cheat
anyone.


                         Conclusions of Law

    Two questions are presented:  denial of discharge under
§ 727(a)(4); and dischargeability of the judgment debt based on
the Labor Commissioner's award.


                               I

    The denial of discharge under § 727(a)(4) requires proof by
a preponderance of evidence that the Defendant debtor "knowingly
and fraudulently": (1) made a false oath; (2) presented or used a
false claim; (3) attempted to gain money, property, or advantage
for acting or forbearing to act; or (4) withheld recorded
information from an officer of the estate.  11 U.S.C.
§ 727(a)(4).

    The complaint identifies no facts that purport to support
the allegation of any of the four independent prongs of
§ 727(a)(4).

    Nor does the evidence presented at trial support a denial of
discharge under § 727(a)(4).  This court, in particular,
conducted a detailed examination of the debtor regarding his
basic bankruptcy schedules and statements.  Nothing emerged to

                                4

suggest a basis for concluding that there was a false oath or
claim or an attempt to gain leverage by acting or forbearing to
act or a withholding from an officer of the estate of recorded
information.

Even if one of those alternatives could be discerned from
the evidence and the record, this court believed the Defendant's
testimony about his business failure and is persuaded that there
is no evidence to support a finding of fraudulent intent.  The
Plaintiff has not argued that such evidence exists.

Accordingly, the objection to discharge based on § 727(a)(4)
is overruled.  The Defendant is entitled to entry of discharge
under § 727(a) if otherwise eligible for discharge.


                                II

The question becomes whether the $34,060.43 judgment debt
based on the Labor Commissioner's award should be excepted from
discharge pursuant to § 523(a)(2) as having been obtained by
false pretenses, a false representation, or actual fraud.

The facts alleged in paragraph 5 of the Complaint focus on
false representations regarding intention to pay, said to have
been made to induce the Plaintiff to delay terminating
employment.

The standard elements for false representation fraud are the
same as the common-law tort of intentional misrepresentation.  A
representation must have been made and must have been false and
must have been known by the Defendant to be false and must have
been made to induce the Plaintiff to act and the Plaintiff must
have relied and the Plaintiff's reliance must have been

justifiable and damages must have been proximately caused. <u>Turtle</u>
<u>Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)</u>, 234 F.3d
1081, 1085 (9th Cir. 2000); <u>Eugene Parks Law Corp. Defined</u>
<u>Benefit Plan v. Kirsh (In re Kirsh)</u>, 973 F2d 1454, 1457 (9th Cir.
1992).

Upon considering the testimony, the key element is whether
the Defendant knew his representations about payment were false
at the time he made them.

This court believed the Defendant's testimony about the
evolution of the failure of his All Star Plumbing business and
his lack of knowledge of basic business procedures.  One aspect
of that is that, at the time he said he was waiting for checks to
come in and to be cleared by the drawee banks, he expected that
sufficient funds to pay wages would eventually be realized.
Hence, it has not been proved by a preponderance of the evidence
that the debt qualifies for exception to discharge as having been
obtained by false representation.

Mindful that actual fraud and false pretenses are, at least
conceptually, distinct alternative encompassed by § 523(a)(2),
this court has examined the record for evidence probative of
false pretenses or actual fraud and found none.

To be sure, the Plaintiff was badly treated by the Defendant
and holds a legitimate debt.  Nevertheless, it does not qualify
for an exception to discharge.

Accordingly, the $34,060.43 judgment debt will not be
excepted from discharge under § 523(a)(2).

## Conclusion

Judgment after trial will be entered in a separate judgment OVERRULING the Plaintiff's Objection to Discharge pursuant to § 727(a)(4) and DISMISSING the count seeking to except Defendant's debt to Plaintiff from discharge pursuant to § 523(a)(2).

Dated: December 20, 2019

_____

United States Bankruptcy Judge

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Edward Massengale
8631 Monica Ave
Orangevale, CA 95662

Ryan Kendall Murray
3529 Kimberly Road
Cameron Park, CA 95682